1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    TATYANA EVGENIEVNA DREVALEVA,          Case No.  21-cv-05348-CRB

9              Plaintiff,

10                                          **ORDER ADOPTING REPORT AND**
          v.                                **RECOMMENDATION AND DENYING**
11                                          **MOTION TO TRANSFER**
     WILLIAM H. ALSUP, et al.,
12
              Defendants.

13          Plaintiff Tatyana Drevaleva is suing the court and Judge Alsup, who previously

14   presided over her case against her former employer.  See Drevaleva v. U.S. Dep't of

15   Veterans Affs., No. 3:18-cv-03748-JCS.  The Court granted Drevaleva's motion to

16   proceed in forma pauperis.  See Report and Recommendation (dkt. 7) at 1.  Magistrate

17   Judge Beeler then issued a report and recommendation that screened the complaint for

18   minimum legal viability under 28 U.S.C. § 1915(e)(2) and concluded that this lawsuit is

19   "barred by the doctrine of judicial immunity."  Id. at 1–2.  The case was reassigned to the

20   undersigned Judge.  See Reassignment Order (dkt. 8).  Drevaleva has since filed her

21   objections to the report and recommendation.  See Supp. Br. (dkt. 11); Opposition (dkt.

22   13); Supp. Br. (dkt. 14).  Because Magistrate Judge Beeler's report and recommendation is

23   well-reasoned, thorough, and correct, the Court adopts it in full and overrules Drevaleva's

24   objections.  The Court hereby dismisses this case and will enter judgment for Defendants.

25          The Court also denies Drevaleva's separate motion to transfer.  See Mot. (dkt. 10).

26   Drevaleva has moved to transfer this case to the U.S. District Court for the District of New

27   Mexico under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1407.

28

*United States District Court*
*Northern District of California*

1       Section 1407 is inapplicable; it provides for transfers by the judicial panel on

2   multidistrict litigation, and transfers under § 1407 must be initiated either by that panel or

3   via a motion filed with that panel.  See 28 U.S.C. § 1407(c).

4       Under § 1404(a), "[f]or the convenience of parties and witnesses, and in the interest

5   of justice, a district court may transfer any civil action to any other district or division

6   where it might have been brought or to any district of division to which all parties have

7   consented."  28 U.S.C. § 1404(a).  A court must "weigh multiple factors in its

8   determination whether transfer is appropriate in a particular case."  Jones v. GNC

9   Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  A court may consider "(1) the

10  location where the relevant agreements were negotiated and executed, (2) the state that is

11  most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective

12  parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action

13  in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the

14  availability of compulsory process to compel attendance of unwilling non-party witnesses,

15  and (8) the ease of access to sources of proof."  Id. at 498–99.

16      The Court has considered all of these factors to the extent that they are relevant and

17  concludes that they weigh against transfer.  Most importantly, Drevaleva sued in this

18  district and appears to have decided to move for a transfer after seeing Magistrate Judge

19  Beeler's unfavorable report and recommendation.

20      For the foregoing reasons, the Court denies Drevaleva's motion to transfer, adopts

21  magistrate Judge Beeler's report and recommendation, and dismisses this case.

22      **IT IS SO ORDERED.**

23      Dated: August 24, 2021

24                                   CHARLES R. BREYER
                                 United States District Judge

25

26

27

28